**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ARCHIBALD, | No. C06-05477 MJJ |
| Plaintiff, | **ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |
| v. | |
| OAKLAND HOUSING AUTHORITY, | |
| Defendant. | |

The Court hereby **DISMISSES** this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff has failed to appear in Court on numerous occasions.

A plaintiff has a general duty to prosecute his case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978). In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

In the instant case, parties were required to appear for a status conference on February 13, 2007. Plaintiff failed to appear. The Court issued an Order to Show Cause requesting Plaintiff to supply reasons why Plaintiff's claims should not be dismissed for failure to prosecute.[1] The Court

---

[1] Docket No. 25; Response due February 23, 2007.

also scheduled a further status conference set for February 27, 2007.[2]  Plaintiff failed to appear at the second status conference on February 27, 2007.  Additionally, Plaintiff did not provide a response to the Order to Show Cause stating why his claims should not be dismissed for failure to prosecute.

In applying the factors, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as this case because Plaintiff has failed to appear in Court without explanation.  Further, prejudice to Defendants and the public policy favoring dismissal of cases on the merits also weigh in favor of dismissal.  Thus, Plaintiff's failure to appear justifies dismissal under Rule 41(b).  Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE** for failure to prosecute and failure to respond to this Court's Order to Show Cause. The clerk of the court is instructed to close the file.

**IT IS SO ORDERED.**

Dated: March 2, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[2] Docket No. 24.

2